Williams, J.
 

 The motion of appellees for a judgment in their favor on the pleadings raises the question of the sufficiency of the petition. If the petition does not state facts sufficient to constitute a cause of action then the Court of Appeals did not err in grant
 
 *540
 
 ing appellees’ motion and the judgment in their favor must he affirmed.
 

 The specific claim of appellant is that in nine separate estates now in process of administration the decedents filed incorrect personal property tax returns for the years 1926 to 1930, inclusive, in that certain taxable personal property was not included therein and that, since that part of the Intangible Tax Act enacted in 1931, which provided for the issuance of certificates of immunity for those years, was held unconstitutional and void in the case of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs.,
 
 132 Ohio St., 568, 9 N. E. (2d), 676, the county auditor has failed in his duty to place the omitted property upon the duplicate for taxation for the years specified.
 

 It is a recognized rule of construction that “a statute may be invalid in part, by reason of some provision being repugnant to the Constitution, and valid as to the residue, where it appears that the invalid part is an independent provision, not in its nature and connection essential to the other parts of the statute, nor so related to the general purpose of the statute as to warrant the conclusion that the Legislature would have refused to adopt it with the invalid part stricken out.”
 
 Gager, Treas.,
 
 v.
 
 Prout,
 
 48 Ohio St., 89, 108, 26 N. E., 1013.
 

 Under this rule, the provisions of Section 5398, General Code, relating to certificates of immunity are clearly separable from the remainder of the section and the remainder is valid.
 

 In the valid portion of Section 5398, there are these provisions:
 

 “If a county auditor believes or has reason to believe that a person, required by the law then in force to list property or make a return thereof for taxation in any prior year or years beginning with 1926 and ending with 1931, has made a false return, or has evaded making a return, or has withheld from, or
 
 *541
 
 failed to include in such return any property, either tangible or intangible, required by the law in force in any such year or years to be listed for taxation, he shall call such person before him for examination, by giving notice in writing of the time and place when such examination shall be had, to the person, if living, or to his legal representative, if he be dead. # * * The auditor may examine under oath the person whose returns are being investigated. He may issue subpoenas and compel the production of books and papers and the attendance of all persons' whom he thinks have knowledge of the property which was or should have been included in such returns and may examine such person on oath with regard thereto. If, upon such hearing, or examination, the auditor finds that the person so required by law to list property or to make a return thereof for taxation, has made a false return or has evaded making a return, or has withheld from or failed to include in, such return or statement any taxable property, either tangible or intangible required by law to be listed, he shall determine as nearly as practicable the true amount or value of the personal property, moneys, credits and investments which such person failed to return or upon which he should have been, but was not, taxed for the year 1926, or for any year or years subsequent thereto up to and including the year 1931.
 

 “He
 
 shall assess the sum so omitted for any of said years at the rate of taxation belonging to such year and enter the amount accordingly on the proper tax list in his office, giving a certificate therefor to the county treasurer who shall collect it as other taxes.”
 

 This section in its prior form contained a provision fixing a limitation of five years in placing omitted taxable property on the duplicate; but at present there is no provision of limitation in force with respect to the power conferred on the auditor thereunder. The respondents seek to invoke as' a bar Section 5393, Gen
 
 *542
 
 eral Code, which provides that returns of taxable property together with all assessment certificates shall be placed on file and carefully preserved and, five years after the taxes represented thereby have been paid or litigation concerning them has been settled, then they shall be destroyed. In our judgment this section does not operate as a limitation on the action of the auditor under Section 5398, determining whether proper return of taxable personal property has been made.
 

 Since there is no statute fixing the time within which the auditor must perform the duties imposed by Section 5398, he is- enjoined by law to put omitted taxable personal property on the duplicate for the years specified fegardless' of mere lapse of time.
 

 It is settled by numerous decisions in this jurisdiction that official discretion can not be controlled by mandamus in the absence of fraud, bad faith or abuse of discretion. The authorities are collected in 25 Ohio Jurisprudence, 1003
 
 et seq.,
 
 Section 28
 
 et seq.
 
 Yet if a public officer refuses to act
 
 in toto
 
 in a matter involving the exercise of discretion, a writ of mandamus will issue to compel him to act one way or the other as his judgment may dictate.
 
 Commrs. of Lake County
 
 v.
 
 Commrs. of Ashtabula County,
 
 24 Ohio St., 393;
 
 State, ex rel. Barnes,
 
 v.
 
 Commrs. of Belmont County,
 
 31 Ohio St., 451;
 
 Commrs.
 
 v.
 
 Board of Public Works,
 
 39 Ohio St., 628;
 
 Dalton, Clerk,
 
 v.
 
 State, ex rel. Richardson,
 
 43 Ohio St., 652, 3 N. E., 685;
 
 State, ex rel. Gilder,
 
 v.
 
 Industrial Commission,
 
 100 Ohio St., 500, 127 N. E., 595;
 
 State, ex rel. Masters,
 
 v.
 
 Beamer et al., Bd. of Edn. of Carroll County,
 
 109 Ohio St., 133, 141 N. E., 851.
 

 In placing on the duplicate omitted taxable personal property and determining the amount or value thereof, the auditor acts as a ministerial officer; but in doing so he does exercise discretion in some measure. There is a distinction between the nature of the office held and the duties which it imposes. An office may be ministerial as distinguished from judicial and yet
 
 *543
 
 duties imposed upon the ministerial officer may he discretionary.
 
 State, ex rel. Morgenthaler,
 
 v.
 
 Crites, Aud.,
 
 48 Ohio St., 142, 26 N. E., 1052;
 
 Musser, Aud.,
 
 v.
 
 Adair,
 
 55 Ohio St., 466, 45 N. E., 903.
 

 In the case of
 
 State, ex rel.,
 
 v.
 
 Crites, Aud., supra,
 
 the court had under consideration Section 2782, Revised Statutes, which provided:
 

 “The county auditor, if he shall have reason to believe, or be informed that any person * * * has omitted or made an erroneous' return of any property, moneys, or credits, * * * which are by law subject to taxation, shall proceed, * * * to correct the return of the assessor, and to charge such persons on the duplicate with the proper amount of taxes; to enable him to do which, he is hereby authorized and empowered to issue compulsory process, and require the attendance of any person or persons * # *, and examine such person or persons, on oath, in relation to such * * # return
 

 This court in that case held that the relator was entitled to a writ of mandamus to compel the auditor to proceed and act in the matter of omitted taxes. The third paragraph of the syllabus reads: “It is the duty of a county auditor to act under Sections 2781 and 2782, Revised Statutes, whenever he is ‘informed or has reason to believe’ that property has been improperly omitted from the tax duplicate of the county. If he declines to act upon reasonable information, a petition in mandamus, by a relator who seeks to compel him to act, is sufficient, if it state facts showing that there was reason to believe that property had been improperly omitted from the tax duplicate.”
 

 In view of the similarity between Section 2782, Revised Statutes, and Section 5398, General Code, that pronouncement controls the disposition of the ease at bar; therefore it remains to consider’only the sufficiency of the petition herein.
 

 The relator alleges in the petition that the appellee,
 
 *544
 
 auditor, had under consideration and investigation a number of persons and estates that had failed to file returns or had filed false returns or had withheld or failed to include taxable personal property for the years 1926 to 1930 inclusive but his investigation was stayed by the statutory provision for the issuance of certificates of immunity. The relator then avers that the estates of the' nine named decedents were the owners of substantial amounts' of personal property and that the decedents had filed incorrect returns for the years 1926 to 1931. The relator then alleges that nine months have elapsed since the decision of the case of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs., supra,
 
 without any action being taken toward investigation, assessment and collection of “said taxes” for the years 1926 to 1930.
 

 There is no allegation to show that demand was ever made upon the appellee auditor to investigate any of the nine estates with regard to omitted taxes or that the auditor ever declined, expressly or impliedly, to investigate these estates. The petition, however, does allege that written requests' were made upon the prosecuting attorney of Cuyahoga county to institute mandamus proceedings against the appellees requiring them to investigate, assess and collect additional personal property taxes from such estates' for the years 1926 to 1930 but that such request was refused in writing. The petition, moreover, does not contain allegations to show that knowledge was brought home to the appellee auditor (or even to the appellee treasurer) which could create a belief or reason to believe on the part of either of them that property of such estates' had been improperly omitted from the decedents’ tax returns. It is therefore evident that the petition lacks essential averments and is subject to general demurrer.
 

 As to the appellee treasurer the petition does not state a cause of action for the reason that no duty rests
 
 *545
 
 upon him until the taxes are charged upon the duplicate by the county auditor.
 

 In view of the position taken it will not be necessary to consider the other questions made by counsel.
 

 Since the petition did not state facts sufficient to constitute a cause of action, the Court of Appeals did not err in sustaining the motion of appellees for judgment in their favor on the pleadings. The judgment will therefore be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Myers and Hart, JJ., concur.