Williams, J.
 

 The controlling inquiry is whether the petition is subject to a general demurrer. The sufficiency of relators’ pleading depends upon whether the allegations of fact show that a ministerial duty rests upon the respondent which he has failed to perform and of which this court will compel performance by a writ of mandamus.
 

 The following statutory provisions are pertinent:
 

 Section 6290, General Code. “Definition of terms, as used in this chapter and in the penal laws, except as otherwise provided:
 

 “1. ‘Vehicle’ means everything on wheels or runners, except vehicles operated exclusively on rails or tracks or from overhead electric trolley wires
 
 * * *.
 

 “2. ‘Motor vehicle’ means any vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires.”
 

 Section 6290-1, General Code. “ * * * It shall be the duty of the registrar to enforce and administer the laws of the state relative to the registration of and certificates of title for motor vehicles * *
 

 Section 6291, General Code. “An annual license tax is hereby levied upon the operation of motor vehicles on the public roads or highways of this state * * *.
 
 *382
 
 Such, tax shall he at the rates specified in this chapter and shall be paid to and collected by the registrar or deputy registrar * * *.”
 

 The General Assembly, by the enactment of Sections 6290 and 6291, General Code, has clearly and expressly exempted from the annual license tax motor vehicles propelled or drawn by power collected from overhead trolley wires. Consequently trackless trolley busses of which there are many in the state are not licensed.
 

 Relators ’ specific claim is that Section 6290, insofar as it by definition excludes trolley busses from the term motor vehicle is unconstitutional. They urge that since Section 6290 is invalid, the term “motor vehicles,” as found in Section 6291, must be given an unrestricted meaning. Given this meaning the term would include trolley busses and make their operation subject to the annual license tax as other motor vehicles. So if the challenged portion of Section 6290 be held invalid and separable, then Sections 6290-1 and 6291 would impose a duty on the registrar to collect the tax.,
 

 The provision excluding trolley busses from the definition of “motor vehicle” first crept into the statutes of this state by the amendment effective March 11, 1935 (115 Ohio Laws, part 2, 300).
 

 Section 6291, General Code, in its. present form was amended effective May 29, 1939 (118 Ohio Laws, 416).
 

 It thus clearly appears that it was the express intent of the Legislature that Section 6291 should not apply to trolley busses' and that the two sections are so interdependent that if the one should fall both must fall. See
 
 State, ex rel. Greenward Realty Co.,
 
 v.
 
 Zangerle, Aud.,
 
 135 Ohio St., 533, 21 N. E. (2d), 662. But if Section 6290 is constitutional we need not pursue that phase of the inquiry further.
 

 Relators claim the exemption of trackless trolley busses, from the license tax is violative of the property tax provisions, Section 2, Article XII, state Constitution, of the equal protection clauses of the state
 
 *383
 
 and federal Constitutions (Section 2, Article I of the Ohio Constitution, and the Fourteenth Amendment of the federal Constitution) and of the rule of uniform operation in Section 26, Article II, of the state Constitution.
 

 Section 2, Article XII, provides that laws may be passed exempting certain enumerated property; but this provision by its history and by interpretation of its terms relates to the taxation and' exemption from taxation of real and personal property only. The language used has no application to an excise tax. Now the annual license tax, being based on the operation of motor vehicles, is an excise and not a property tax.
 
 Saviers
 
 v.
 
 Smith, Secy. of State,
 
 101 Ohio St., 132, 128 N. E., 269. Legislative power to enact laws providing for excise taxes is expressly given by Section 10, Article XII of the state Constitution, without qualification. Neither in this particular section nor in any other is there a limitation on the power of the General Assembly with reference to laws governing excises.
 
 Saviers
 
 v.
 
 Smith, Secy, of State, supra.
 
 Since the state Constitution is merely a limitation on the lawmaking power of the Legislature, enactments as to excise taxes and exemption therefrom would be valid unless in contravention of some constitutional guaranty, state or federal.
 

 Does Section 6290, General Code, deny the equal protection of the law?
 

 The General Assembly has broad discretion with respect to classification of persons and property in the enactment of legislation imposing an excise tax. As long as there is a reasonable basis for the creation of classes and the exemption of a class is not discriminatory nor arbitrary, the courts will not interfere on the ground that the classification renders the law unconstitutional.
 
 Saviers
 
 v.
 
 Smith, Secy. of State, supra; Fisher Bros. Co.
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 602, 146 N. E., 100. See, also,
 
 State, ex rel. Struble,
 
 
 *384
 
 v.
 
 Davis et al., Tax Comm.,
 
 132 Ohio St., 555, 9 N. E. (2d), 684.
 

 Trolley busses are in reality but a substitute for streetcars. The only substantial difference being that the former run on highways and the latter on rails. Such trackless, electric motor busses have characteristics of a certain kind so distinct from other motor vehicles as to afford a reason for placing them in a class by themselves. The classification exempting trackless trolley busses does not deny equal protection of the law.
 

 There remains to consider the rule as to uniformity of operation.
 

 Section 26, Article II of the Ohio Constitution, provides that laws of a general nature shall have a uniform operation throughout the state. This constitutional provision is not violated by a law which operates uniformly throughout the territory of the state and equally and alike upon all persons and property similarly situated and intended to be brought within its operation.
 
 State, ex rel. Outcalt, Pros. Atty.,
 
 v.
 
 Guckenberger, Aud.,
 
 134 Ohio St., 457, 17 N. E. (2d), 748. The exemption of electric trolley busses conforms to this principle and the statute has a uniform operation within the meaning of the Constitution.
 

 The constitutionality of the statute is not open to challenge on any of these grounds.
 

 Respondent also demurs on the ground that relators do not have legal capacity to sue. By this ground of the demurrer the respondent seeks to raise the question of the right of the relators to maintain a proceeding in mandamus to require a state officer to perform a duty enjoined by law. The relators undertake to justify their claim that they have a right to sue as relators by citing
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Comm.,
 
 135 Ohio St., 593, 22, N. E. (2d), 81; and
 
 State, ex rel. Yontz,
 
 v.
 
 West, Registrar,
 
 135 Ohio St., 589, 21 N. E. (2d), 987.
 

 
 *385
 
 In view of the fact that this court holds that Section 6290, General Code, is constitutional and that no duty rests upon the registrar of motor vehicles to collect the license tax for the operation of trackless trolley busses, it is not necessary to consider the question as to whether relators have legal capacity to sue.
 

 There appears to be no merit to the other ground of the demurrer that the court has no jurisdiction of the subject-matter.
 

 The demurrer is sustained and, the relators not desiring to plead further, the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Turner, Matthias and Hart, JJ., concur.