Matthias, J.
 

 The case is before us solely on the record disclosed by thé findings of the Board of Tax Appeals. Facts growing out of the investigation of the Black estate are not in this record, and statements thereof or arguments based thereon may not be considered in this case.
 

 
 *55
 
 The provisions of Sections 5398 and 5398-1, General Code, govern and control the action of the Tax Commissioner and the Board of Tax Appeals in the matter under consideration. Under the very specific terms thereof, the only question committed to them for consideration and determination upon timely application being made is “whether or not the person whose returns are proposed to be investigated by the county auditor made a return in the year 1932 and fully and in good faith listed therein the taxable property required by the law in force in said year to be so listed.”
 

 Under the mandatory provisions of the statute, the board, upon finding such fact in the affirmative, “shall issue its certificate to that effect.” The application in this proceeding was rejected, however, upon the sole ground of the unconstitutionality of the immunity provision of Section 5398-1, General Code.
 

 The conclusion of the Board of Tax Appeals was that the applicant was entitled to the certificate of immunity sought if the statute authorizing it is valid. The sole question presented to this court, therefore, is whether the Tax Commissioner was in error in rejecting the application for the certificate of immunity sought upon the ground that the immunity provisions of the statute involved have in effect been held by this court to be unconstitutional in the cases referred to above.
 

 In the case of
 
 State, ex rel. Greenward Realty Co.,
 
 v.
 
 Zangerle, County Aud.,
 
 135 Ohio St., 533, 21 N. E. (2d), 662, all that was actually decided was that' the petition in mandamus failed to allege facts sufficient to indicate that the county auditor believed or had reasonable grounds to believe that the taxpayers had been delinquent in returning their personal property for taxation and hence there was no showing he was under a duty to act.
 

 The constitutionality of Sections 5398 and 5398-1, General Code, was not directly in issue and the de
 
 *56
 
 cisión, insofar as it referred to the immunity provisions in question, was based upon the case of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs.,
 
 132 Ohio St., 568, 9 N. E. (2d), 676, where the effect of the certificate there involved was to remit the tax which had been actually assessed. In the latter case, Section 5403-2, Page’s General Code (114 Ohio Laws, 776, Section 5), alone was under consideration and the question considered and determined, as clearly stated in the opinion, was whether the Legislature had the authority to grant power to the Tax Commission “to issue certificates of immunity from the
 
 collection
 
 of omitted taxes for the years 1926 to 1930, inclusive, where such taxes had been placed on the duplicate by the county auditor and certified to the county treasurer as provided by law. ’ ’ (Italics ours.) As there further stated: “The tax, therefore, had become a liability by statute and the county had a right to proceed to collect the same. ’ ’
 

 The decision in the
 
 Hostetter case
 
 declared invalid any procedure under Section 5403-2, Page’s General Code, which would have the effect of cancelling or preventing the collection of taxes theretofore assessed, which assessment was in 1931 and prior to the effective date of the intangible tax law. The question here is the validity of Sections 5398 and 5398-1, General Code, which withdrew the previously conferred authority of the county auditor to conduct investigations in 1932 or thereafter with a view of levying assessments of taxes for the years preceding 1932 upon the finding by the Tax Commissioner of compliance with the conditions enumerated in such statute by the taxpayer applying for a certificate of immunity.
 

 The same vital distinction was made in the case of
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Comm.,
 
 132 Ohio St., 555, 9 N. E. (2d), 684, where legislation exempting taxes, the assessment of which had been completed at the time such acts had become laws, was held
 
 *57
 
 violative of the provisions of Section 28 of Article II of the state Constitution providing that “the General Assembly shall have no power to pass retroactive laws.”
 

 The certificate of immunity sought here would not have the effect of remitting any taxes which had been assessed. It would only preclude further action by the county auditor in the matter of examination relative to intangible property taxes for the years beginning with 1926 and ending with 1931. The authority of county auditors to conduct such examination is conferred by statute and of course may be modified or terminated by statute. The question of policy is one for the Legislature and not for the court.
 

 If the immunity certificate was found to be warranted by the facts and accordingly issued, authority theretofore granted the auditor to conduct such examination would be immediately arrested. He would “not be authorized to proceed further therein.” Liability for taxes is fixed only where there has been an assessment thereof which has become final.
 

 It cannot be claimed that a liability has been released which has never come into existence, or a tax remitted which had not been assessed. The immunity provision in question, therefore, not having the effect of remitting back taxes or cancelling liability for back taxes, cannot be deemed retroactive.
 

 The immunity provision does not violate the equal protection of the law provision of the Constitution. Conditions long prevailing which brought about the enactment of the intangible tax law in 1931, as well as the object and purpose of such legislation, were widely recognized and well understood. In order that the desired results might be attained from such legislation, inducements for a full and complete return of intangible property in 1932 were provided by the amendment of Section 5398, General Code, and the enactment of Section 5398-1, General Code. For the very
 
 *58
 
 evident purpose of inducing all taxpayers in the year 1982 to list fully and in good faith their taxable property as then required by law, assurance of immunity from any examination respecting taxes for the five preceding years was provided by this statute. This inducement was extended to all taxpayers. It had reference to future action and was without discrimination.
 

 Though the discussion in the briefs and oral argument in this ease departed widely from the issue involved, the only question presented by the record, as previously indicated, is whether the Legislature, having conferred authority upon county auditors to examine and investigate tax returns during the period prescribed, also had power under the Constitution to revoke such authority or prescribe the conditions under which such examinations should be made. In no case previously before this court has that question been presented or decided.
 

 The Board of Tax Appeals having found “that said Frank B. Black ‘made a return in the year 1932 and fully and in good faith listed therein the taxable property required by the law in force in said year to be so listed’ within the spirit, intent, and purpose of this provision of Section 5398-1, General Code,” should have reversed the determination of the Tax Commissioner and ordered him to issue the certificate of immunity sought in this proceeding in accordance with the requirements of the statute. The decision of the Board of Tax Appeals is accordingly reversed.
 

 Decision reversed.
 

 Turner, Zimmerman and Bettman, JJ., concur.
 

 Weygandt, C. J., and Williams, J., dissent.
 

 Hart, J., not participating.