STATE, ex rel. HODAPP, Plaintiff, v. HAINES, Defendant.
STATE, ex rel. MORGAN, Plaintiff, v. HAINES, Defendant.

Ohio Appeals, Second District, Montgomery County.

Nos. 1614, 1630. Decided December 12, 1945.

Frank W. Krehbiel, Dayton, Dale J. Hodapp, Dayton, Wm. D. Schaeffer, Earl C. Null, Miamisburg, for plaintiffs.

Mathias H. Heck, Prosecuting Attorney, Dayton, and Albert J. Dwyer, Asst. Pros. Attorney, Dayton, for Defendant.

## OPINION

By HORNBECK, P. J.

The above numbered cases submitted as one are taxpayers' suits in mandamus to require the respondent to investigate

and assess against all immunity certificate holders and all other persons who fail to pay their proper and full personal property taxes for the years 1926 to 1930, inclusive, additional taxes and penalties found to be due for said years, as provided by statute, etc.

In case No. 1614 the plaintiff proceeds upon an amended petition and in 1630 upon a petition. We will hereinafter refer to these pleadings as the petitions.

The petitions aver that 5398 GC without the certificates of immunity provisions, controls the obligation of respondent to investigate personal property of persons, firms and fiduciaries listed and attached to the petitions and to assess said property for taxation for the years 1926 to 1930, inclusive. The petitions further aver that some of the persons listed are immunity certificate holders and others listed, who are subject to taxation, are not. Relators further assert that the case of State, ex rel. Hostetter v Hunt, et al. 132 Oh St 568, "declared unconstitutional and void that part of the Intangible Tax Act of Ohio, enacted in 1931, 114 Ohio Laws, 776 and 778 which provided for the issuance of Immunity Certificates to taxpayers seeking immunity from personal property taxes for the years 1926 to 1930 inclusive." Notice to the respondent of the facts set out in the petitions and request upon him to act is pleaded as is notice to the Prosecuting Attorney of Montgomery County and request upon him to institute suit.

The answers of respondent after a general denial aver that he is precluded from proceeding to assess the taxes on the personal property set forth in the petition for the years prior to 1932 by §5398-2 and 5398-3 GC and further state that there are no assessments pending on the date that the aforesaid sections became effective. There is no reply and it might be well for counsel for relator in view of 11331 GC to file reply, if desired.

The parties have stipulated certain facts. We also direct attention to the possibility that the facts stipulated do not anticipate all of the issues drawn by the general denial. However, we make no further observation respecting this phase of the cause because counsel have presented this case upon well defined theories which are developed and elucidated in their briefs.

Briefly, the plaintiffs claim that §5398 GC, independent of the provisions therein for immunity certificates and independent of §5398-1 GC, controls the obligation of the respondent respecting the investigation and assessment of taxes against the property of the individuals listed in the petition and rely

largely upon State, ex rel. Hostetter v Hunt, supra. The defendant relies upon §§5398-2 and 5398-3 GC, and the immunity certificate provisions of §§5398 and 5398-1 GC and upon **Black, et al., Exrs. v Evatt, Tax Commissioner, et al., 138 Oh St, 52 and Ireland Jr., Exr. v Evatt, Tax Commissioner et al., 138 Oh St 61.**

· Plaintiffs assert that §§5398-2 and 5398-3 GC, are unconstitutional as being discriminatory and in violation of the equal protection clause of **Sec 2, Art I,** and retroactive legislation under **Sec 28, Art II, Ohio Constitution.** Upon the question whether or not the legislation set up defensively is retroactive counsel discuss §26 GC.

Sec. 5398 GC, provides—

"If a county auditor believes or has reason to believe that a person, required by the law then in force to list property or make a return thereof for taxation in any prior year or years beginning with 1926 and ending with 1931, has made a false return, or has evaded making a return, * * * he shall call such person before him for examination, * * *. Unless the person so notified produces a certificate of the tax commission of Ohio to the effect that the person whose returns are proposed to be examined, made a return in the year 1932 and fully and in good faith listed therein all the taxable property required by the law in force in the year 1932 to be so listed, the auditor shall proceed with the examination."

The section further provides for hearings and that the auditor shall assess for taxation all personal property which has been omitted according to the terms of the section.

Sec. 5398-1 GC, provides for application for a certificate of immunity and the issuance of such certificate by the Tax Commission of Ohio, if it finds that a person whose returns are proposed to be investigated by the county auditor under 5398 GC, in the year 1932, fully and in good faith, listed the taxable property required by the law in force in said year to be so listed.

Sec. 5398-2 GC provides—

"No action, * * *, or other proceeding to collect taxes on personal property, tangible or intangible, required to be listed and subject to taxation in the years prior to 1932, shall be instituted and carried out, unless a valid assessment of such taxes shall have been made prior to the effective date of this act, * * *."

**Sec. 5398-3 GC,** provides—

"That any power of county auditors to assess personal property, tangible or intangible, for taxation in respect of the years prior to 1932 arising from the provisions of §5398 or any other section of the **General Code** be, and the same hereby is terminated, except as hereinafter provided."

The exceptions are found in 5398-4 **GC,** no one of which has application to the facts in the instant cause. These sections were effective May 14, 1941. The suits herein were instituted before the enactment of the aforesaid sections of the code.

At the outset we are met with the case of **State, ex rel. Apple v Pence, et al., 137 Oh St** 569, the syllabus of which is:

"In exercising the extraordinary power of mandamus a court should take into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ."

The rights of the relators rise no higher than those of respondent, auditor. Obviously, if the auditor should attempt to carry out the provisions of 5398 **GC,** he would be met with 5398-3 **GC,** and if said section is valid and has application to the facts herein, would be precluded from conducting any examination preparatory to placing the personal property mentioned in the petitions upon the tax duplicate. But it is asserted that §§5398-2 and 5398-3 **GC** are unconstitutional.

Both of these sections clearly are remedial legislation, the very purpose of which is to prevent a county auditor from conducting any examination or making any assessment relative to the taxation of personal property for the years 1926 to 1930, inclusive, and likewise to preclude the institution of any action to collect taxes on personal property in the years prior to 1932, unless such taxes have been assessed prior to the effective date of the act, namely, May 14, 1941. These acts affect pending actions under §26 **GC** because they relate to the remedy and such purpose is clearly expressed.

If these sections are effective, they will preclude the issuance of writs of mandamus without respect to the immunity certificate provisions of §5398 **GC** and 5398-1 **GC.** They are valid legislation under a pronouncement found in the majority opinion in Black, et al., Exrs. v Evatt, Tax Commissioner, et al., supra, independent of the principal question considered in that case. We refer to the second syllabus.

"The authority of county auditors in the matter of conducting examination relative to intangible personal property taxes for the years beginning with 1926 and ending with 1931 is conferred by statute and may be modified or terminated by statute."

We then consider the inferential effect on the constitutionality of these sections of the decisions in State ex rel., Hostetter v Hunt, supra, Black, et al. Exrs. v Evatt, Tax Commissioner, supra, and Ireland, Jr., Exr., v Evatt, Tax Commissioner supra. For the purpose of brevity we will hereinafter refer to the foregoing authorities as the Hunt, the Black and the Ireland cases.

Manifestly, the holdings in these cases must be differentiated on the facts because one decision, the Hunt case, holds that the certificates of immunity provisions of 5403-2 GC as found in 114 Ohio Laws, 776 and 778, are unconstitutional as being discriminatory and retroactive, where the decisions in the Black and Ireland cases hold that the §§5398 and 5398-1 GC, in the respect in which they were challenged in these cases, are constitutional and violative of no provision of either the state or federal constitution. Judge Williams dissented in the Black case and three members of the court, Judge Hart writing the opinion, dissented in the Ireland case and this dissent was predicated, in part, upon the proposition that the decision in the Hunt case was dispositive of the controlling question in the Ireland case. In the situation presented by these adjudications, we recognize that the question is very close as to the constitutionality of the certificate of immunity provisions of the sections, inasmuch as the three members of the court who dissented in the Ireland case retain membership therein while one member who participated with the majority is no longer a member of the court. We are, of course, bound by the majority opinion which was carried into the judgment of the court. Judge Matthias, who wrote the majority opinion in the Black case, and Judge Zimmerman, who wrote a concurring opinion, marked the distinguishing differences in the facts between the case there under consideration and the Hunt decision which in their judgment support the difference in adjudication.

In the Hunt case the auditor of Stark County was investigating the status of the tax returns of the Executors of Carrie Jacobs Brown, during the years 1926 to 1930, inclusive, by reason of information which came to his attention from an inventory of the estate of decedent filed by her executors.

The auditor continued his examination and assessed personal property of the estate for taxes in the amount of $385,518.21. After this assessment had been made, so the court determined, the executors made application for and secured from the Tax Commission of Ohio a certificate of immunity from the Collection of the omitted taxes pursuant to the provisions of the Intangible Tax Act of Ohio 1931, 114 Ohio Laws, 776 (Page's Code, Section 5403-2). This certificate was set up defensively against the right of the taxpayer plaintiff to collect the taxes which had been assessed.

From these facts the court pronounced the first and second syllabi:

"1. A statute which confers special benefits upon delinquent taxpayers not equally available to nondelinquent taxpayers violates **Sec. 2** of **Art I** of the **Constition** of Ohio and is therefore void and of no effect."

"2. That part of the Intangible Tax Act of Ohio enacted in 1931, 114 Ohio Laws, 776, 778 giving the Tax Commission of Ohio power to issue a certificate of immunity from collection of omitted taxes for 1926 to 1930, inclusive, upon condition that the taxpayer fully comply with the personal property tax law in 1932, is unconstitutional and void for the reason that it confers special benefits upon delinquent taxpayers not enjoyed by nondelinquent taxpayers charged with the same obligations."

In the Black case he had died in 1937. The auditor of Richland County conducted an examination under §5398 **GC,** of the failure of Black, when living, to return for taxation certain personal property which he was alleged to have owned in the years 1926 to 1930. While the investigation was proceeding Black's executors made application to the Tax Commission of Ohio for a certificate of immunity. The Commission found that Black had in 1932 made a return in which he fully, and in good faith, listed his taxable property for that year but refused to issue the certificate upon the authority of the Hunt case and **State ex rel. Greenward Realty Co. v Zangerle, 135 Oh St 533.** The Ireland case presented substantially the same material facts as the Black case. The auditor of Richland County and the taxpayer, relator in the mandamus action referred to in the opinion, were made parties to the action.

512

The limited question presented by both the Black and Ireland cases was whether or not the obligation enjoined upon the Tax Commission by 5398 GC and 5398-1 GC to issue certificates of immunity when the operative facts of the section appeared was constitutional. The substantive effect of such certificate, if issued, according to the majority opinion, was not involved although there is much discussion in all of the opinions as to the effect of the certificate.

Several distinguishing facts in the case appear which have been stated heretofore but not stressed, the most significant of which is that in the Hunt case the taxes had been assessed and had become a valid, legal and subsisting obligation against the executors. Nor had the certificate been issued prior to the assessment of the taxes. The Hunt case brought into consideration 5403-2 GC, which, in terms, provided that the certificate of immunity was a defense in an action brought to recover taxes which had been assessed in 1931 for any prior year under section 5398, etc. Secs. 5398 and 5398-1 GC, did not purport to give the certificate of immunity the effect of precluding the collection of taxes which had been assessed but merely to prevent further examination of the certificate holder by the auditor the purpose of which is to eventually assess taxes for the years under consideration.

Judge Matthias in the majority opinion in the Black case adverts particularly to the fact that there, unlike the Hunt case, the assessment had not been made and that the certificate had been applied for during the conduct of the examination as to the assessment of taxes. The differentiation was sufficient to support a judgment of the majority. The rationale of the majority opinion tends to support the constitutionality of the immunity certificate provisions of §5398-1 GC and 5398-2 GC, to the extent that such certificate, if issued prior to the conclusion of an investigation of the auditor under 5398 GC, would be a bar to further investigation and to the assessment of any taxes against personal property of the certificate holder for the years involved.

In none of the cases which we have considered will the judgments preclude the application of the provisions of §§5398-2 and 5398-3 GC, to the facts appearing in the instant cases.

Writs denied and petitions dismissed.

MILLER and WISEMAN, JJ., concur.