Zimmerman, J.,
 

 concurring. Of course, sales of forfeited lands in Ohio are governed by statute. In making such sales, Section 5752, General Code, should be substantially complied with and certainly may not be circumvented on any captious or . arbitrary basis. However, that statute is directory in the sense that some discretion is left to the county auditor in managing- sales conducted under the statute.
 

 It is to be remembered that a county auditor is a public officer and an agent of the people. He is required to use judgment and discretion in performing his official acts and is under the duty to proceed with prudence and integrity. 11 Ohio Jurisprudence, 363,
 
 *18
 
 364, Section 114;
 
 State, ex rel. Greenward Realty Co.,
 
 v.
 
 Zangerele, Aud.,
 
 135 Ohio St., 533, 21 N. E. (2d), 662.
 

 Although the primary object of a sale of land, forfeited to the state for the nonpayment of taxes, etc., is to obtain the amount of such taxes to conserve the interests of the state, and although any protection of the owner of the forfeited lands as suggested in Section 5757, General Code, is a secondary consideration, some obligation rests on the county auditor as a public officer and an agent of the people to make an honest attempt to see that sales are not made for a price that is altogether inadequate. Section 5752, General Code, should not be construed as unalterably excusing him from that duty.
 

 Irrespective of rule No. 2 promulgated by the respondent, it is my opinion he acted properly and discreetly in the instant case.
 

 Relator initially bid $2,000 for the property involved at the sale on June 29, 1944, fully aware of the fact that the respondent was reserving the privilege of rejecting the bid. Shortly afterward, another individual offered $4,000 for the same property and the relator was finally willing, if necessary, to pay $6,500 to get it.
 

 The chain of events narrated would clearly indicate that relator’s first bid of $2,000 was ridiculously low.
 

 In line with the general statement, made in 110 A. L. R., 1077, that an officer in selling land at a tax sale may refuse to accept a hid which is grossly inadequate, is the late case of
 
 Pomeroy
 
 v.
 
 Hogle,
 
 — Ariz., — 159 P. (2d), 792, which was decided under a statute providing that after advertisement the hoard of supervisors may sell land acquired by the state through a tax sale, to the highest bidder for cash and upon such sale shall execute and deliver to the purchaser, at his cost, a deed conveying title to the tract so purchased.
 

 In the course of its opinion the Arizona Supreme Court commented:
 

 
 *19
 
 “As we pointed out in the
 
 Ray
 
 v.
 
 Frye case
 
 [58 Ariz., 340, 119 P. (2d), 941], the board is not compelled to sell the property to any bidder nor is it obligated to sell to the first highest bidder. It is the duty of the board to hold the sale open until it has received a fair and reasonable bid. ’ ’
 

 This court has often held that the issuance of the extraordinary writ of mandamus rests in the sound discretion of the court, which may refuse to issue the writ in favor of a relator whose right thereto is not clear. In this case, the relator has not shown a plain dereliction of duty on the part of the respondent in refusing to sell and surrender the real estate in issue to him for the sum of $2,000 and, consequently, relator is not entitled to a writ as prayed for.