*595
 
 By the Court.
 

 One of the contentions of the respondents is that the relator lacks the capacity to institute this action attacking the constitutionality of House Bill 674 (115 Ohio Laws, 546), passed July 1, 1933, and Amended Senate Bill 23 (116 Ohio Laws, 26), passed March 5, 1935, in which an attempt is made to exempt from assessment of taxes all the property, except real estate, of interurban railroad companies for the period beginning January 1, 1932, and ending December 31, 1936. It is admitted that the relator is a taxpayer of the state of Ohio but is not a public utility or the owner or operator of an interurban railway or any other public utility. It is of course true, as urged by the respondents, that the law does not permit an attack upon the constitutionality of a statute by one who has no interest in it and is not affected by its provisions. 8 Cyc;, 787;
 
 Prentiss
 
 v.
 
 Dittmer,
 
 93 Ohio St., 314, 112 N. E., 1021, L. R. A. 1917B, 191; 8 Ohio Jurisprudence 178, Section 75. However, it is sufficient to observe that this action was filed by the relator as a taxpayer on behalf of all other taxpayers of the state of Ohio, and also on behalf of the state of Ohio itself.
 

 The respondents contend also that this action does not seek to compel them to perform an act which the law specially enjoins upon them as a duty resulting from their office, and that therefore the relator has mistaken his remedy. Of course it is correct that a writ of mandamus may not be employed to compel the performance of general duties. But this is not the relator’s request. Under the law of Ohio the respondents have many duties to discharge. Here it is sought simply to have the respondents assess and certify certain property of interurban railroad companies for a certain period of time. This is specific and not general.
 

 It is also contended by the respondents that the provisions of House Bill 674 are not violative of the constitutional prohibition against the enactment of retro
 
 *596
 
 active laws. This question was carefully considered and decided by the court in overruling the demurrer to the relator’s petition. The fourth paragraph of the syllabus reads as follows:
 

 “The provisions of House Bill 674, passed July 1, 1933, and Amended Senate Bill 23, passed March 5, 1935, in so far as they provide for the exemption of taxes, the assessment of which had been completed at the time such acts respectively became laws, are violative of the provisions of Section 28 of Article II of the state Constitution, providing that ‘the General Assembly shall have no power to pass retroactive laws.’ ”
 

 Upon further consideration of this question the court finds no persuasive reason for changing its original view. That decision is therefore approved and followed. Inasmuch as it is conceded that the property in question was assessed and certified for the year 1932 before House Bill 674 became a law, it is apparent that the exemption provisions thereof are retroactive and void as to the tax for that year. It seems that after the effective date of House Bill 674 the respondents' issued a second or corrected certificate with reference to the year 1932, attempting thereby to exempt this property; and as a result thereof the auditors of the several counties of the state did not proceed to collect the tax. It is the duty of the respondents to withdraw the second or corrected certificate so that the original certification may stand and county auditors be permitted and instructed to perform their duty of collecting the tax for that year.
 

 The views already expressed by the court would seem to require the disallowance of the writ- for the remaining four years of 1933, 1934, 1935 and 1936. However, the relator points out that in none of these years did the respondents assess or certify this property on or before the third Monday of May, as clearly required by the provisions of Section 5430, General
 
 *597
 
 Code. In the year 1933 House Bill 674 was not passed until July 1, and did not become effective until October 19. In the year 1935, Amended Senate Bill 23 was passed March 5, but did not become effective until June 6. It is to be noted, too, that in neither 1933 nor 1935 did the respondents attempt any sort of assessment or certification until after the effective dates of the respective legislative enactments. It is the contention of the relator that if the respondents had performed their statutory duties by making the yearly assessment and certification on or before the third Monday of May, the validity of the tax for the years 1933 and 1935 would be unquestionable; and he insists that the situation should not be adversely affected by the failure of the respondents to obey the positive injunction of Section 5430, General Code. To permit this would, he asserts, be the countenancing of an indirect but patent violation of the constitutional prohibition against the enactment of retroactive laws. This argument would be persuasive as to the years 1933 and 1935 were it not for the fact that each bill was passed and became effective during the year for which the imposition of the tax is thus sought.
 

 As indicated, the peremptory writ will issue for the year 1932 and will be denied for the remaining four years.
 

 Writ allowed in part and denied in part.
 

 Weyganut, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.