Zimmerman, J.
 

 While the capacity of the relatrix to maintain this action is not wholly free from doubt, we believe such right should be recognized under the holdings and language in a number of cases decided by this court. See
 
 State, ex rel. Downing, Pros. Atty.,
 
 v.
 
 Powers, Chief of Div. of Securities,
 
 125 Ohio St., 108, 110, 180 N. E., 647, 648, and cases therein cited;
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Commission,
 
 135 Ohio St., 593, 595, 22 N. E. (2d), 81, 82; 25 Ohio Jurisprudence, 1163, Section 222
 
 et seq.;
 
 34 American Jurisprudence, 870, Section 81
 
 et seq.
 

 We approach consideration of the second branch of the demurrer remembering the established rule that every reasonable presumption must be indulged in favor of the constitutionality of a statute. 8 Ohio Jurisprudence, 154, Section 58.
 

 We must likewise be mindful of the fact that the annual motor vehicle license tax is an excise and not a property tax, and is therefore not affected by Section 2, Article XII, of the Constitution.
 

 Speaking of the wide powers of the General Assembly in connection with the imposition of excise taxes, this court recently said, in
 
 State, ex rel. Brunenkant,
 
 v.
 
 Wallace, Registrar of Motor Vehicles,
 
 137 Ohio St., 379, 383, 30 N. E. (2d), 696, 698:
 

 “The General Assembly has broad discretion with respect to classification of persons and property in the enactment of legislation imposing an excise tax. As
 
 *413
 
 long as there is a reasonable basis for the creation of classes and the exemption of a class is not discriminatory nor arbitrary, the courts will not interfere on the ground that the classification renders the law unconstitutional.”
 

 In our opinion this principle is pertinent to the present cause and operates against the relatrix. Such principle has been invoked and applied by many courts in upholding the constitutionality of legislation exempting from a license tax “school busses” employed in transporting children to and from school, and other classes of vehicles used for specified purposes. The eases in which the principle has been applied recognize the extensive authority of the legislative branch of the government in the regulation and supervision of the highways of the state, and the latitude which must be accorded that branch in classifying the vehicles making use of such highways. They further recognize that the transportation of children in connection with school activities is in furtherance of their educational pursuits, in which the state has an interest. The conclusion is therefore reached in practically all, if not in all, of the cases that laws exempting “school busses” from a motor vehicle license tax are valid, being neither discriminatory, unreasonable, arbitrary, nor a denial of the equal protection of the laws.
 
 Continental Baking Co.
 
 v.
 
 Woodring, Governor,
 
 286 U. S., 352, 76 L. Ed., 1155, 52 S. Ct., 595, 81 A. L. R., 1402;
 
 Smallwood
 
 v.
 
 Jeter,
 
 42 Idaho, 169, 244 P., 149;
 
 Ex parte Iratacable,
 
 55 Nev., 263, 30 P. (2d), 284; 109 A. L. R., 580, annotation; 6 Berry on Automobiles (7 Ed.), 81, Section 6.49; 1 Blashfield Cyclopedia of Automobile Law and Practice (Perm. Ed.), 140, Section 164; 1-2 Huddy Cyclopedia of Automobile Law (9 Ed.), 432, Section 205.
 

 Entertaining the view that the petition herein does not state a cause of action, the demurrer thereto is
 
 *414
 
 sustained and, it being agreed that such ruling is dis-positive of the case, the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner and Williams, JJ., concur. Hart and Bettman, JJ., dissent.
 

 Matthias, J., not participating.