Weygandt, C. J.
 

 In his present brief the respondent renews the objections presented by his demurrer to the amended petition. The first of these is the relator’s alleged lack of legal capacity to maintain this action. It is insisted that he is required to show a direct, special and pecuniary interest separate and distinct from that of the general public and has failed to do so. He has filed the action as a citizen and taxpayer of-this state on behalf of himself and all other taxpayers of the state and also on behalf of the state itself. Furthermore he is the owner of a motor vehicle for which he has paid the statutory license taxes. Such actions have received the sanction of this court in eases as recent as
 
 State, ex rel. Yontz,
 
 v.
 
 West, Registrar,
 
 135 Ohio St., 589, 21 N. E. (2d), 987;
 
 State, ex rel. Struble,
 
 v.
 
 Davis,
 
 135 Ohio St., 593, 22 N. E. (2d), 81;
 
 State, ex rel. Walls,
 
 v.
 
 Wallace, Registrar,
 
 138 Ohio St., 410, 35 N. E. (2d), 167.
 

 The respondent’s next contention is that under the provisions of Section 6290-1, General Code, in effect in the year 1929, no duty was imposed upon the then Commissioner of Motor Vehicles to collect the license tax. It would seem that the complete answer to this objection is found in the very language of the statute itself that it “shall be the duty of the commissioner to enforce the motor vehicle laws of the state.” However, the respondent relies upon other language in Section 6291-1, General Code, requiring the appointment of “the county auditor and one or more persons in each county to act as deputy commissioners, who
 
 *168
 
 shall accept the applications for the annual license tax, and assign distinctive numbers * * *.” This, the respondent insists, implied that the tax could be collected by the deputy commissioners alone and that the commissioner himself lacked the authority so to do. There are at least three answers to this contention. In the first place it would be strange law to hold that a public official possesses less authority to discharge the duties of his office than does a deputy appointed by him. Secondly, the remaining language in the very sentence partly quoted above then read “in the same manner as the commissioner of motor vehicles.” And finally, Section 6294, G-eneral Code, then provided that “nothing in this act shall prevent any person from making an application for a motor vehicle license direct to the commissioner of motor vehicles.” Clearly the commissioner himself was vested with as much authority as his deputies.
 

 It is further contended that even though the then Commissioner of Motor Vehicles was charged with the duty to collect such tax, no such duty now devolves upon the respondent Registrar of Motor Vehicles. It is true that in 1933 the Bureau of Motor Vehicles was transferred from the office of the Secretary of State to the Department of Highways, but the amended statute provides that “it shall be the duty of the registrar to enforce and administer the laws of the state relative to the registration of and certificates of title for motor vehicles.” Thus the comparison of language shows that the duty of the registrar under the present statute is just as clear as was that of the commissioner in 1929. The mere change in title did not affect the duty of the office in this respect. Furthermore, there is nothing in the amended statute to indicate any legislative intent to affect either the plain duty to pay or the equally plain duty to collect the tax. The respondent complains that the statutes provide no specific civil remedy to enforce collection of the
 
 *169
 
 tax. Under such statutes none is necessary. The unambiguous and unconditional provisions require vehicle owners to pay the tax and the registrar to collect it. There is nothing to indicate that the registrar is denied recourse to the usual civil remedies and thereby rendered powerless to collect the. debt except by resort to the limited and inadequate penal procedure .available. A penalty for nonpayment of a tax is not a substitute for payment of the tax itself. As stated by Mr. Chief Justice Hughes in the case of
 
 United States
 
 v.
 
 Chamberlin,
 
 219 U. S., 250, 55 L. Ed., 204, 31 S. Ct., 155:
 

 “If the statute creates an obligation to pay the tax, and does not provide an exclusive remedy, the action must be regarded as well brought. *
 
 * *
 

 “*
 
 * * When a statute says that a person shall
 
 pay
 
 a given tax, it obviously imposes upon that person the duty to pay, and this may be enforced through the •ordinary means adapted to the recovery of the definite sum due, unless that course is clearly prohibited.”
 

 The respondent’s next contention is that the evidence in the instant case fails to show any obligation ■on his part to collect the claimed tax or on the part of the Railway Express Agency, Inc., to pay it. It is insisted that there is no evidence showing what corporation operated the 591 vehicles during the year 1929. However, the court does not so read the record. This discloses that two corporations are here involved. One is the American Railway Express Company, and the other is the Railway Express Agency, Inc., already mentioned. Both were incorporated in the state of Delaware, although at different times; and both were ■organized for the purpose of operating an express business. Both qualified to transact their business in the state of Ohio. The American Railway Express Company operated from 1918 to 1929. On February '20, 1929, the superintendent of the northwestern Ohio division of this company wrote to the then Commissioner of Motor Vehicles as follows:
 

 
 *170
 
 “The American Railway Express Company, which came into existence July 1st, 1918 to act as agent for the Director General of Railroads in the handling of express business on the railroads under Federal Control, and which continued to do so after the Federal Control period, will withdraw from the express transportation business over rail lines on March 1st, 1929, and on and after that date the express transportation business will be taken over by the railroads under the title of the ‘Railway Express Agency, Inc.’ ” ■
 

 It is not contended that a mere change of name was involved. The new corporation purchased all of the assets of the old. A repair foreman first employed by the old corporation and later by the new testified in detail as to the vehicles owned by the old. He then stated that all of these vehicles came into the ownership and possession of the new corporation at that time and were used in its business during the remainder of the yeay. It is agreed that the new corporation paid no license tax for that year but continued to use the license number plates previously obtained by the old corporation. The respondent contends that the motor vehicles were transferred to the new corporation at. the end of the year 1929, because it was not until then that bills of sale were filed bearing that date. However, each date showed that another had previously been inserted and changed. The evidence further' shows that a superintendent of the old corporation wrote to the then commissioner explaining the change that was taking place and inquiring whether it would be necessary for the new corporation to register the vehicles and pay the tax. The commissioner referred the matter to the then Attorney General who then made an investigation and published an opinion holding that the tax must be paid. However, the new corporation did not comply with this instruction, and the commissioner for some unexplained reason took no action to compel it so to do. This was a failure to perform his statutory duty.
 

 
 *171
 
 Finally, the respondent complains that the instant suit is barred by his delay in instituting the action. It is true that considerable time has elapsed, but the respondent has not pleaded the statute of limitations, and the court is of the opinion that under the circumstances here shown the relator has not been guilty of laches.
 

 The writ is allowed requiring the respondent to take whatever appropriate steps may be necessary against the new corporation to secure its compliance with this tax law.
 

 Writ alloivecl.
 

 Williams, Hart and Bettman,- JJ., concur.
 

 Turner and Matthias, JJ., dissent.