**Sherrie SPROWLS, Plaintiff,**

v.

**OAKWOOD MOBILE HOMES, INC.
and William Rotert, Defendants.**

**No. CIV.A. 3:99–CV–756–H.**

United States District Court,
W.D. Kentucky.

Oct. 20, 2000.

market, then the provider arguably has mar-  ket power.

C. Mike Moulton, Lyn Taylor Long, Moulton & Long, Elizabethtown, KY, for Plaintiff.

John O. Sheller, Smith & Smith, Louisville, KY, for Defendants.

## MEMORANDUM OPINION

HEYBURN, District Judge.

Defendants Oakwood Mobile Homes, Inc. ("Oakwood") and William Rotert filed a motion for judgment on the pleadings in this dispute arising from Sherrie Sprowls' employment at Oakwood, with Rotert as her supervisor. Defendants removed this suit from Hardin Circuit Court, claiming that Rotert was fraudulently joined and that this Court therefore had diversity jurisdiction. Oakwood is incorporated in North Carolina and has its principal place of business in North Carolina and Rotert and Sprowls are both citizens of Kentucky. Defendants' motions appear to be quite strong.[1] However, in the process of considering these issues, the Court could not avoid confronting the question of its own subject matter jurisdiction. The parties briefed these issues and the Court discussed them with the parties at some length during a telephone conference.

### I.

Parties cannot consent to subject matter jurisdiction and courts must constantly examine subject matter jurisdiction "on their own initiative." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). Nor can the Court overlook jurisdictional deficiencies to reach the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (refusing to endorse "hypothetical jurisdiction"). This Court has jurisdiction only if the parties are completely diverse, 28 U.S.C. § 1332(a), and complete diversity here turns on whether Sprowls fraudulently joined Rotert, a non-diverse defendant. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493–94 (6th Cir.1999).

Fraudulent joinder arises when the removing parties, here Oakwood and Rotert, "present sufficient evidence that [Sprowls] could not have established a

1. Oakwood's election of remedies defense seems meritorious. Moreover, Plaintiff will have a difficult time proving outrage against Rotert under the Kentucky standard.

cause of action against non-diverse defendants under state law." *Id.* at 493. Sprowls did not contest Defendants' claims of fraudulent joinder until responding to Defendants' motion for judgment on the pleadings. This circumstance raises the obvious question of whether Sprowls' conduct waived her ability to contest the claim of fraudulent joinder.

■ While parties may not waive jurisdiction, their inaction may preclude them from contesting removal. In *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921), the defendants removed an action from Alabama state court claiming fraudulent joinder. The plaintiff filed a motion to remand but "did not take issue with any of the allegations of the petition for removal." *Id.* at 95, 42 S.Ct. 35. The Supreme Court held that "if the plaintiff does not take issue with what is stated in the petition [for removal], he must be taken as assenting to its truth, and petitioning defendant need not produce any proof to sustain it." *Id.* at 97, 42 S.Ct. 35. Thus, while parties cannot consent to jurisdiction, they can, in essence, consent to factual determinations that would create jurisdiction.

Unlike the plaintiff in *Wilson,* however, Sprowls undoubtedly takes issue with the factual allegations in the petition for removal and the motion for judgment on the pleadings. To make its jurisdictional assessment, this Court must determine if her eight months of silence count as sufficient assent to Defendants' claim of fraudulent joinder. If so, then Rotert is no longer a party to this action and this Court has subject matter jurisdiction because of the complete diversity between Oakwood and Sprowls. If Sprowls' current objection serves to contest the claim of fraudulent joinder, this Court must determine whether Rotert was fraudulently joined.

■ The 1996 amendment to 28 U.S.C. § 1447(c) clearly states that no time limit applies to subject matter jurisdiction determinations: "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *See also* F.R.C.P. 12(h)(3). These time limits (or lack thereof) apply with equal force to *sua sponte* rulings by judges. *See, e.g., Diaz v. McAllen State Bank,* 975 F.2d 1145, 1148 (5th Cir.1992). Because fraudulent joinder goes to the very existence of this Court's subject matter jurisdiction, the thirty day time limit of section 1447(c) does not apply. Therefore, Sprowls' eight month delay in responding did not divest this Court of the ability to consider her objections to the claim of fraudulent joinder under section 1447(c).

Defendants' primary contention is that Sprowls' delay and participation in the other events of this case estop her from now contesting the claims in the removal petition. This argument has some facial appeal. However, the law is quite clear: Sprowls "may not be barred by waiver or estoppel even at this late stage." *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir.1992). In *Franzel,* the defendants removed based on complete diversity. After the district court granted summary judgment for defendants, plaintiffs contested jurisdiction for the first time on appeal, claiming that the petition for removal did not accurately describe the citizenship of the parties and that the parties were not completely diverse. The Sixth Circuit recognized the "unique status to challenges to subject matter jurisdiction," and remanded the case so that the district court could "make a factual determination concerning diversity." *Id.* at 629–630. Because a "removal petition does not require responsive pleadings," the court held, "[f]ailure to contest facts alleged in such a position cannot be considered an admission." *Id.* at 630; *see also American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

While this outcome is a little surprising, not to mention inconsistent with some usual notions of judicial efficiency, it seems quite clear under existing law. This Court

now turns to the question of fraudulent joinder.

## II.

▮▮ The defendants have the burden of showing fraudulent joinder. *Jerome–Duncan, Inc. v. Auto–By–Tel, Inc.*, 176 F.3d 904, 908 (6th Cir.1999). This Court must determine whether Sprowls "had at least a colorable cause of action against [Rotert] in the [Kentucky] state courts." *Id.* (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). In making this determination, the Court must resolve all doubts regarding questions of fact and propriety of removal in favor of the non-removing party. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999). In addition, the Court may look beyond the bare allegations of the complaint and conduct a more searching inquiry. *See, e.g., Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990).

▮ Sprowls' only cause of action against Rotert is the tort of outrage and Kentucky has adopted the Restatement's standard for this tort. *Craft v. Rice*, 671 S.W.2d 247, 251 (Ky.1984) (adopting RE-STATEMENT (SECOND) OF TORTS § 46 (1965)). To prevail on a claim of outrageous conduct, a plaintiff must prove four elements: "(1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe." *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky.1999) (citations omitted).

▮ It is not the role of the Court, however, to determine as a matter of law if Plaintiff can prevail at this point in the litigation. This case, procedurally, is nowhere near dispositive motion stage. Summary judgment standards do not apply to the question now before it. Rather, this Court must examine the pleadings for allegations, which if proven, would provide a reasonable basis for a finding of liability against Rotert. Sprowls claims Rotert acted intentionally, that his conduct caused her emotional distress, and that the emotional distress was severe. Whether the alleged conduct offended generally accepted standards of decency and morality poses a more difficult question. Plaintiff has pled a pattern of behavior that includes, among other things, prank phone calls, obnoxious gestures, conversion of property, death threats, and restriction of access to toilet facilities. While this behavior may be dismissed as juvenile or merely insulting by some, it would be unfairly presumptuous for this Court to conclude these facts and those developed through discovery support *no* reasonable basis for Sprowl's claim that this behavior offends generally accepted standards of morality or decency. The Kentucky Supreme Court has only addressed this tort six times and has not considered much of the behavior alleged by Sprowls. While cases such as *Kroger Co. v. Willgruber*, 920 S.W.2d 61 (Ky.1996), and *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1 (Ky. 1990), offer guideposts for predicting future decisions, this Court cannot confidently say that Sprowls' allegations, if proven, would not reasonably support a colorable cause of action against Rotert. Resolving all doubts in favor of Sprowls, this Court finds that her allegations, if proven, would create a colorable claim for outrage under Kentucky state law. Under *Coyne v. American Tobacco Co.*, 183 F.3d 488 (6th Cir.1999), this Court must remand.

While this result means that the parties may have wasted considerable time in this Court on difficult issues; it is nevertheless a result required by law. It goes without saying that the state court can determine whether this Court's previous rulings remain the law of this case. The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

Having read Defendant's motion for judgment on the pleadings and Plaintiff's response and being otherwise sufficiently advised, this Court determines that it has no subject matter jurisdiction.

IT IS HEREBY ORDERED that this case is remanded to the Hardin County Circuit Court.