**Dean R. KIBBE, Plaintiff–Appellant,**

v.

**George W. BUSH, acting in an official capacity, Defendant–Appellee.**

No. 01–1526.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

### ORDER

Dean R. Kibbe, proceeding pro se and in forma pauperis, appeals a district court judgment dismissing his civil rights complaint construed to be filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kibbe sued President George W. Bush, alleging that the United States military, acting under the "Combined Action Program," murdered Vietnamese citizens and United States Marines in Vietnam. He sought copies of files concerning the "Combined Action Program," as well as a secured storage facility in which to review the documents. Upon review, the district court concluded that Kibbe had not set forth any claim with an arguable basis in law. Hence, the court dismissed Kibbe's complaint as frivolous pursuant to 28 U.S.C. § 1915(d).

Kibbe has filed a timely appeal, reasserting his same claim. He also argues that his equal protection rights have been violated by the denial of his Freedom of Information Act request. In addition, he requests that this court declare court fees to be unconstitutional as they violate the equal protection and due process rights of "poor litigants" and deny them access to the courts.

Upon review, we affirm the district court's decision to dismiss Kibbe's complaint, but for reasons other than those relied upon by the district court. *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994). Regardless of whether Kibbe's claim is frivolous as the district court held, the complaint failed to state a claim and thus was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Kibbe's complaint fails to state a claim because it does not contain either direct or inferential allegations concerning any elements necessary to sustain a recovery under some viable legal theory. *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993). Kibbe has not alleged any facts which would present any type of constitutional violation. Contrary to Kibbe's argument, the district court was not required to order the defendant to respond to the complaint because the court screened the complaint pursuant to § 1915(e).

In addition, we note that Kibbe did not raise his equal protection claim in the district court. Unless exceptional circumstances exist, this court normally will not address an issue not first raised in the district court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). There are no exceptional circumstances in this case, and we decline to consider this issue.

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

■ Finally, Kibbe has not presented any basis for this court to declare court fees unconstitutional. Kibbe lacks standing to challenge court fees on behalf of other "poor litigants." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). Furthermore, Kibbe was granted pauper status, and he has not been denied access to the courts as the court accepted his civil rights complaint for filing.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.