**Michael Curtis LYONS,**
**Plaintiff–Appellant,**

**Patricia Ann Lyons and Dianna Faye Mayweather, Plaintiffs,**

v.

**Lori WARREN; Mark Ouir–Otta; Hutzel Hospital; Jody Foster; Regina Moore; Family Independence Agency; Lynn Carter; Lutheran Child and Family Services of Michigan, Defendants–Appellees.**

No. 01–2239.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

isiana, sitting by designation.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

## ORDER

Michael Curtis Lyons, a Michigan resident, appeals pro se the final judgment for defendants, and an order imposing sanctions, in an alleged civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lyons filed a complaint, purportedly on behalf of himself and two of his sisters, one of whom is mentally incompetent, and the other who is the legal guardian of the first. As best can be construed from the rambling complaint, Lyons alleged that two doctors and a hospital had committed medical malpractice when they delivered the mentally incompetent sister's baby by C-section. The remaining defendants, state agencies and employees of those agencies, were accused of abducting the newborn baby, who was placed in state care. The parental rights of both parents were subsequently terminated. Lyons sought to make a claim against the defendants' insurance coverage. The various defendants filed motions to dismiss or for summary judgment, and Lyons responded with his own dispositive motions. Some of the defendants also moved for sanctions under Fed.R.Civ.P. 11. A hearing was held before the district court, at the conclusion of which the court granted the defendants' motions to dismiss or for summary judgment, denied the motions filed by Lyons, dismissed the complaint as to two defendants who had not been served, and granted the motion for sanctions. This appeal followed.

Initially, it is noted that defendants' argument that this appeal was untimely is without merit. Although dated July 31, 2001, the judgment was not entered until August 1, thus making the notice of appeal filed on August 31, 2001, timely under Fed. R.App. P. 4(a)(1)(A).

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

Upon review, we conclude that the district court properly granted the defendants' motions to dismiss for failure to state a claim or for summary judgment. It is apparent from the pleadings that Lyons could prove no set of facts which would entitle him to relief, *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir.1993), and that there were no genuine issues of material fact and defendants were entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, the district court properly dismissed the complaint as to two defendants who had not been served, pursuant to Fed. R.Civ.P. 4(m).

The dismissal of the complaint can be affirmed on a number of grounds. Initially, Lyons failed to assert his own legal rights in the complaint, instead asserting the rights of his mentally incompetent sister. Therefore, he lacked standing, and the district court lacked subject matter jurisdiction. *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494–96 (6th Cir. 1999). Lyons erroneously argues that, because he used to work for an attorney who is now deceased, he has the authority to represent others in a legal capacity. However, the sister who is the guardian appeared at the hearing in the district court and stated that she had not given Lyons authority to file a lawsuit on her behalf or on behalf of her ward. The district court also lacked jurisdiction to resolve disputes involving child custody. *Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Moreover, defendants asserted below that this lawsuit was identical to one filed in state court and dismissed with prejudice. The district court therefore lacked jurisdiction to address a challenge to those proceedings or to relitigate the claims which the state courts had dismissed. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Anderson v. Charter Twp. of Ypsilanti,* 266 F.3d 487, 493 (6th Cir.2001).

Finally, to the extent that Lyons is challenging the award of sanctions, no abuse of discretion is apparent, given the frivolous nature of the complaint. *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997).

Defendants are advised that they may file a motion for an award of costs and attorney fees pursuant to Fed. R.App. P. 38. A copy of this order will be forwarded to the Attorney Discipline Board for the State Bar of Michigan, as it appears that Lyons is holding himself out as an attorney.

The district court's judgment and the order imposing sanctions are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.