**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0282n.06

No. 14-1484

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HENRY MCGHEE, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Apr 15, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED STATES |
| | ) | DISTRICT COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| HYBRID LOGISTICS, INC. and | ) | |
| CLEAVER-BROOKS, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:     BATCHELDER and ROGERS, Circuit Judges; and BECKWITH, District Judge.[*]

PER CURIAM. Plaintiff-Appellant Henry McGhee appeals from the judgment of the United States District Court for the Eastern District of Michigan granting summary judgment to Defendants-Appellees Hybrid Logistics, Inc. and Cleaver-Brooks, Inc. on his state law negligence claims. We affirm.

Before proceeding to the merits of this appeal, we take a moment to resolve a jurisdictional issue we raised *sua sponte*. McGhee initially filed this lawsuit in state court in Michigan and Cleaver-Brooks removed it to the federal district court on the basis of diversity of citizenship. We pointed out that there were deficiencies in the notice of removal because it alleged McGhee's state of residence, but not his state of citizenship, and because it alleged the principal places of business, but not the states of incorporation, of the two defendant corporations. *See Stifel v. Hopkins*, 477

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

F.2d 1116, 1120 (6th Cir. 1973)("[I]t is settled that citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence[.]"); *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x. 249, 250 (6th Cir. 2003) ("Because a corporation is considered a citizen of both its place of incorporation and its principal place of business . . . a plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of business.").

In response, both Cleaver-Brooks and Hybrid Logistics filed letter briefs establishing that Cleaver-Brooks is a Delaware corporation with its principal place of business in Georgia and that Hybrid Logistics is a Nevada corporation with its principal place of business in Nevada. Additionally, during oral argument, counsel for Cleaver-Brooks directed us to facts from McGhee's deposition which show that McGhee was domiciled in Alabama at the time this lawsuit was removed from state court. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)("When an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal."). Notably, McGhee's deposition indicates that he was domiciled in Alabama because he had lived and worked there for at least the sixteen years preceding the removal of the case from state court. *Stifel*, 477 F.2d at 1120 ("To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere."). Accordingly, we conclude that diversity of citizenship existed when Cleaver-Brooks removed the case from state court and that the district court had federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

McGhee, a truck driver for Black Warrior Trucking & Equipment, Inc., lost a leg when a bundle of several rolls of coiled steel fell off a flat-bed trailer and struck him during loading operations at the Olympic Steel plant in Detroit, Michigan. Cleaver-Brooks ordered the coiled steel from Olympic Steel for use in its boiler-making plant. Hybrid-Logistics, Inc., a transportation broker, arranged for Black Warrior to haul the steel coils from Detroit to the Cleaver-Brooks plant in Thomasville, Georgia.

McGhee alleged that Cleaver-Brooks was negligent for approving an unsafe method of transporting the steel coils and that Hybrid Logistics was negligent for failing to provide him with a loading diagram which demonstrated the safe method for transporting the steel coils. The district court, however, concluded that the defendants owed no duty of care to McGhee because the carrier, not the buyer, is responsible for the safe loading and unloading of cargo. The district court also held that the defendants were not responsible for the safety of, and thus owed no duty of care to, an independent contractor such as McGhee. Additionally, the district court found that even if Cleaver-Brooks and Hybrid Logistics owed a duty of care to McGhee, there were two superseding causes of his injury. First, the district court found that Olympic Steel's conduct was a superseding cause because the record showed that it had received the shipping diagram from Hybrid Logistics but failed to pass it along to its crane operator, or alternatively, that the crane operator had the diagram but chose to disregard it. Second, the district court found that McGhee's own negligence in failing to chain down the coils once spotted on the trailer was a superseding cause of his injury. The district court, therefore, granted defendants' motions for summary judgment. This appeal followed.

No. 14-1484, *McGhee v. Hybrid Logistics, Inc., et al.*

After a careful *de novo* review of the record, the parties' briefs, and the applicable law, we find no error in the district court's judgment. The reasoning that supports the judgment was clearly and persuasively articulated by the district court and our issuance of a detailed written opinion would be unduly duplicative and serve no jurisprudential purpose. We therefore affirm the district court's judgment for the reasons stated in that court's memorandum and order dated April 4, 2014.